FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DUANE MICHAEL SHORT,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:17-CV-00018-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 16 & 20. Mr. Short brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Short's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

# I.     Jurisdiction

Mr. Short filed his application for Supplemental Security Income on May 17, 2013. AR 23, 316-324. His alleged onset date of disability is April 30, 2006. AR 23, 316. Mr. Short's application was initially denied on August 19, 2013, AR 260-63, and on reconsideration on October 31, 2013, AR 267-69.

A hearing with Administrative Law Judge ("ALJ") R.J. Payne occurred on August 13, 2015. AR 60-122. On September 9, 2015, the ALJ issued a decision finding Mr. Short ineligible for disability benefits. AR 23-43. The Appeals Council denied Mr. Short's request for review on November 16, 2016, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Short timely filed the present action challenging the denial of benefits, on February 13, 2017. ECF No. 7. Accordingly, Mr. Short's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.     Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.   Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Mr. Short was 43 years old on the date the application was filed. AR 41, 316. He has at least a high school education. AR 41, 83, 877. Mr. Short is able to communicate in English. 41. Mr. Short has a history of drug and alcohol abuse. AR 26, 27, 78, 878, 904, 905, 936, 1054. Mr. Short has past work as an auto mechanic and as a carpenter, but he does not have any past relevant work. AR 41.

\\

\\

## V.    The ALJ's Findings

The ALJ determined that Mr. Short was not under a disability within the meaning of the Act from May 17, 2013, the date the application was filed, through the date of the ALJ's decision because his substance use disorder is a contributing factor material to the determination of disability. AR 24, 43.

**At step one**, the ALJ found that Mr. Short had not engaged in substantial gainful activity since May 17, 2013 (citing 20 C.F.R. §§ 416.920(b) and 416.971 *et seq*.). AR 26.

**At step two**, the ALJ found Mr. Short had the following severe impairments: chronic obstructive pulmonary disease, disorder of hearing, alcohol dependence, major depressive disorder, posttraumatic stress disorder, and antisocial personality disorder (citing 20 C.F.R. § 416.920(c)). AR 26.

At **step three**, the ALJ found that Mr. Short's impairments, including the substance use disorder, meet section 12.09 (with consideration of 12.04 and 12.06 of 20 C.F.R. § 404, Subpt. P, App. 1. AR 27. However, the ALJ found that if Mr. Short did not have alcohol dependence, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. § 404, Subpt. P, App. 1. AR 31.

**At step four**, the ALJ found that if Mr. Short did not have alcohol dependence, he had the residual functional capacity to perform light work, with the

following limitation: he would be able to lift and carry 20 pounds occasionally and 10 pounds frequently, sit, stand, and or walk six hours each in an eight hour workday with normal breaks; he could occasionally stoop, crouch, kneel, crawl, balance, and climb ramps, stairs, ladders, ropes, and scaffolds; he should avoid concentrated exposure to pulmonary irritants and loud noises; he could understand, remember, and carry out simple, routine, repetitive work instructions and work tasks; he could have no contact with the public, occasional contact with supervisors, and occasional contact with co-workers, but no teamwork type work. In addition, he would have physical and mental symptomatology; however, despite the level of pain and/or any side effects of the medicine, he could he able to remain reasonably attentive and responsive in a work setting and would be able to carry out normal work assignments satisfactorily. AR 34.

The ALJ determined that Mr. Short does not have any past relevant work. AR 41.

**At step five**, the ALJ found that if Mr. Short stopped the substance use, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. AR 42. These include, production assembler, packing line worker, and housekeeping. *Id*.

## VI.    Issues for Review

Mr. Short argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) failing to include Hepatitis C and arthralgia as severe impairments at step two, or alternatively, failing to fully and fairly develop the record; (2) finding that substance abuse is a contributing factor material to the determination of disability; (3) improperly discrediting Mr. Short's subjective complaint testimony; and (4) improperly assessing Mr. Short's residual functional capacity, and presenting an incomplete hypothetical question to the vocational expert.

## VII.   Discussion

### A. The ALJ did not err at step two of the sequential evaluation process and the ALJ did not fail to fully and fairly develop the record.

Mr. Short first contends that the ALJ erred by not finding Hepatitis C and arthralgia to be severe impairments at step two of the five-step sequential evaluation process, or in the alterative, by failing to further develop the record as to these two alleged conditions.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight

abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

Under step 2, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

Mr. Short argues that the ALJ should have included both Hepatitis C and arthralgia to be severe impairments three references in the record before the ALJ of Hepatitis C (AR 844 (assessment states: "acute or unspecified hepatitis c without mention of hepatic coma"); 1070 (comment section states: "he now has Hep. C"); 1085 (problems/encounter diagnoses sections states: "Chronic hepatitis C")) and two references in the record before the ALJ of arthralgia (AR 844 (assessment

includes "arthralgias"); AR 1085 (problems/encounter diagnoses sections states: "arthralgias, probably secondary to hep C")). Mr. Short also submits two references of Hepatitis C in the record now that were not before the ALJ. AR 1165 (clinical history notes: "chronic hepatitis C without mention of hepatic coma"); AR 1166 (diagnosis states: "Liver biopsy (for hepatitis c)"). Thus, the record includes one positive diagnosis of Hepatitis C, in the record not before the ALJ, four other mentions of Hepatitis C, and two references to, but no no positive diagnosis of, arthralgia.

Mr. Short concludes this is sufficient to find that the ALJ's determination that Hepatitis C and arthralgia were non-severe at step two is not supported by substantial evidence. However, not only does the record include few references to Hepatitis C and arthralgia, Mr. Short does not allege that his Hepatitis C and arthralgia would have more than a minimal effect on his ability to work. Mr. Short has not submitted any limitations, or evidence caused by limitations, he or any medical opinion associate with his Hepatitis C and arthralgia that were not addressed by the residual functional capacity. As noted previously, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod*, 640 F.3d at 885.

Because Mr. Short was found to have at least one severe impairment, this case was not resolved at step two. Accordingly, the ALJ did not err in evaluating Mr. Short's Hepatitis C and arthralgia at step two.

In addition, while Mr. Short contends the record is sufficient to find his Hepatitis C and arthralgia severe impairments, he argues alternatively that the ALJ should have further developed the record regarding whether his Hepatitis C and arthralgia were severe medically determinable impairments.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); see also 20 C.F.R. § 404.1519a. Importantly, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Tonapetyan*, 242 F.3d at 1150. "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's

physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150 (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

The ALJ did not fail to develop the record in the case at hand. The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the disability claim. Substantial evidence supports the ALJ's decision that Mr. Short is not disabled. And again, Mr. Short has not submitted any limitations, or evidence caused by limitations, he or any medical opinion associate with his Hepatitis C and arthralgia that were not addressed by the residual functional capacity.

Furthermore, because Mr. Short was found to have at least one severe impairment, this case was not resolved at step two. Thus, any error in the ALJ's finding at step two is harmless, if all impairments, severe and non-severe, were considered in the determination Mr. Short's residual functional capacity. *See Short v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an impairment in step two is harmless error where the ALJ includes the limitations of that impairment in the determination of the residual functional capacity). Because Mr. Short has not alleged any limitations associated with these conditions, and

because the ALJ accounted for all of Mr. Short's symptoms and impairments at step four, the Court finds any error was harmless.

**B. The ALJ did not err in finding that substance abuse is a contributing factor material to the determination of disability at step three of the sequential evaluation process.**

If a claimant is found disabled and there is medical evidence of a substance use disorder, the ALJ must determine if the substance use disorder is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J). Where the medical record indicates alcoholism or drug addition, the ALJ must evaluate "which of [the claimant's] current physical and mental limitations . . . would remain if [he] stopped using drugs or alcohol and then determine whether any or all of [the] remaining limitations would be disabling." 20 C.F.R.§ 416.935(b)(2). If a claimant's remaining limitations would not be disabling, the alcoholism or drug use is "a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(b)(2)(i). An individual is not disabled pursuant to the Social Security Act where substance use is a contributing factor material to the determination of disability. 42 U.S.C. § 1382(a)(3)(J). Mr. Short bears the burden of proving his substance use is not a contributing factor material to the finding of disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

Mr. Short argues that the ALJ's determination at step three, that his substance use disorder is a contributing factor material to the determination of disability, is not supported by substantial evidence. Mr. Short alleges, based primarily on a portion of a medical opinion that was afforded only limited weight, which Mr. Short does not contest, that his symptoms would persist to the same degree even absent the substance abuse.

The ALJ found Mr. Short disabled at step three because he met the Paragraph B criteria of Listing 12.09 (with consideration of Listings 12.04 and 12.06) when considering his mental health impairments, including the substance abuse. AR 27-31. As the ALJ explained, Mr. Short satisfied the Paragraph B criteria when including his substance use disorder because he is markedly limited in two areas of functioning: social functioning; and concentration, persistence and pace. AR 29. The ALJ found Mr. Short moderately limited in activities of daily living and had not episodes of decompensation. AR 29. The Paragraph B criteria require the impairment resulting in at least two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, and pace; or repeated episodes of decompensation, each of an extended duration.

When conducting the substance use materiality analysis at step three, the ALJ determined that Mr. Short would not meet or equal the Listings if he stopped

the substance abuse. AR 31. The ALJ found that Mr. Short would not meet any of the Section 12.00 Listings because he cannot establish marked limitations in at least two of the four Paragraph B criteria. Specifically, the ALJ found Mr. Short only moderately limited in social functioning; moderately limited in concentration, persistence and pace; only mildly limited in activities of daily living; and no episodes of decompensation. AR 32-33.

The ALJ's determination that Mr. Short's substance abuse is a material contributing factor is supported by the record. The ALJ's decision is supported by Mr. Short's level of activities when sober reported by Mr. Short himself and his wife (AR 32-34, 37-40, 76-107, 114-21, 337; 381-86); his lack of treatment when sober (AR 32, 33, 37, 38, 40, 41; 1035-53); the medical expert Dr. Veraldi's testimony that was given significant weight, which Mr. Short does not contest (AR 71-75); the medical evaluation submitted by Dr. Mabee a month into Mr. Short's sobriety (877-80); a medical function report during a period of sobriety in 2006 (AR 333-40); a medical function report during a period of sobriety in 2009 (AR 380-87); the residual functional capacity assessment by Dr. Robinson in August 2013, during a period of sobriety (AR 144-46); and the residual functional capacity assessment by Dr. Flisgstein in October 2013, during a period of sobriety (AR 158-60). AR 31-34.

Substantial evidence from the record supports the ALJ's determination that, absent Mr. Short's substance use, he would not be disabled. Thus, the ALJ properly concluded that the substance use disorder is a contributing factor material to the determination of disability. AR 31-34, 43. Importantly, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (internal quotation marks omitted). The ALJ did not err in finding that substance abuse is a contributing factor material to the determination of disability.

**C. The ALJ Properly Discounted Mr. Short's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. Short alleges; however, the ALJ determined that Mr. Short's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 35. The ALJ provided multiple clear and convincing reasons for discrediting Mr. Short's subjective complaint testimony. AR 35-41.

Mr. Short argues that the ALJ failed to properly discredit his subjective complaint testimony regarding his allegations of pain. Mr. Short only contests one of the many reasons the ALJ provided for discounting his credibility, the failure to treat his pain symptoms. Mr. Short provides only two citations during the relevant time period to a portion of the record that was not before the ALJ (AR 1148, 1150) to conclude the ALJ erred in discounting his credibility as to his allegations of

pain. However, Mr. Short fails to note that the majority of the record during the relevant time frame is devoid of treatment for his alleged severe pain. Furthermore, as noted by the ALJ, Mr. Short testified that he does not take prescription medication or over the counter medication for his pain, despite the alleged severity of his pain symptoms. AR 41, 90-91. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

In addition, Mr. Short does not contest the many other valid reasons the ALJ provided for discounting his subjective complaint testimony. The ALJ noted significant inconsistencies with the medical record, which demonstrates he is

capable of a wide range of physical functioning, he has not been recommended or proscribed aggressive treatment, and his objective clinical evidence shows largely unremarkable findings. *See* AR 41. Further, no medical professional has opined that Mr. Short is unable to perform work at the light level. *Id.* An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan*, 242 F.3d at 1148.

Apart from Mr. Short not taking medication despite his alleged severe pain, the record shows significant gaps in his treatment and that he has maintained a level of functioning that has allowed him to do household chores, yard work, remodel buildings, and spend time with others. *See* AR 41. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair*, 885 F.2d at 603.

The ALJ noted inconsistent statements and daily activities inconsistent with Mr. Short's allegations of total disability, including the ability to clean multiple

rooms, do household chores, do yard work, do remodeling work, pursue his

hobbies, spend time with others, and maintain an emotional relationship. *See* AR

41. Activities inconsistent with the alleged symptoms are proper grounds for

questioning the credibility of an individual's subjective allegations. *Molina*, 674

F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning,

they may be grounds for discrediting the claimant's testimony to the extent that

they contradict claims of a totally debilitating impairment"); *see also Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). An ALJ may rely on ordinary

techniques of credibility evaluation such as a witness's prior inconsistent

statements. *Tommasetti*, 533 F.3d at 1039.

Mr. Short's credibility was also discounted due to his unpersuasive

appearance and demeanor while testifying at the hearing, where he did not appear

in any distress and responded appropriately to questions without any indication of

distraction due to any cause. AR 41. An ALJ may rely on ordinary techniques of

credibility evaluation. *Tommasetti*, 533 F.3d at 1039. An ALJ may consider the

claimant's actions at the hearing if they are inconsistent with his complaints.

*Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985).

Again, Mr. Short does not contest the multiple other reason the ALJ

provided for discounting his credibility. The Court does not find the ALJ erred

when discounting Mr. Short's credibility because the ALJ properly provided

multiple clear and convincing reasons for doing so.

**D. The ALJ properly assessed Mr. Short's residual functional capacity and did not err at step five of the sequential evaluation process.**

Mr. Short very briefly argues that the hypothetical the ALJ provided to the vocational expert based on Mr. Short's assessed residual functional capacity was incomplete because it did not specifically incorporate Hepatitis C, arthalgias, and resulting pain. However, the Court has already found no error in the ALJ's treatment of Mr. Short's Hepatitis C and arthalgias. Additionally, the ALJ specifically noted that he considered *all symptoms* in assessing the residual functional capacity. AR 34 (emphasis added). While Mr. Short contends that the ALJ provided an incomplete hypothetical to the ALJ, he does not state what additional limitations he suffers or point to any assessed limitations from any medical source as a result of Hepatitis C or arthalgias. The ALJ's determination is supported by the opinions of the medical sources, none of whom opined that he was limited to anything less than the light level of work assigned by the ALJ. An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding his symptoms. 20 C.F.R. §§ 404.1508, 416.908.

Here, the ALJ's residual functional capacity findings properly incorporated the limitations identified by medical and other sources. Thus, the ALJ properly assessed Mr. Short's residual functional capacity. The ALJ properly framed the hypothetical question addressed to the vocational expert and, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of Mr. Short, given his limitations. Thus, the Court finds the ALJ did not err in assessing Mr. Short's residual functional capacity and the ALJ properly identified jobs that Mr. Short could perform despite his limitations.

### VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

///

///

///

///

///

3. Judgment shall be entered in favor of Defendant and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order,

forward copies to counsel and **close the file**.

**DATED** this 12th day of February, 2017.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge